UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


ROSEVELT VALBRUN,

    Plaintiff,

v.                                                     Case No:  2:12-cv-303-Ftm-29SPC

WAL-MART STORES, INC.,

    Defendant.

_____/

## ORDER

This matter comes before the Court on review of the file.  The Court issued an Order to Show Cause on March 25, 2013 (Doc. #20), directing Plaintiff Rosevelt Valbrun to show cause on or before April 5, 2013, why Defendant's Motion for Sanctions (Doc. #19) should not be granted and sanctions be imposed for his failure to appear at his deposition scheduled for February 13, 2013, in Miami, Florida.  Plaintiff has failed to respond.

A little background is necessary.  On February 5, 2013, Plaintiff's counsel, G. Ware Cornell, Jr., filed an unopposed motion to withdraw, citing irreconcilable differences.  In that Motion, counsel provided two addresses for Plaintiff: one in Naples, Florida, and one in Malden, Massachusetts, along with an email address.  (Doc. #16, p. 3).  Attorney Cornell also stated that the Plaintiff indicated that he had retained separate counsel who would represent him upon the Court's granting of the motion to withdraw.  (Doc. #16-1, ¶4).  The next day, Defendant Wal-Mart Stores, Inc., filed a Notice of Clarification of Defendant's Position with Respect to Plaintiff's Counsel's Withdrawal.  (Doc. #17).  In that filing, Defendant explained that multiple

attempts were made to schedule Plaintiff's deposition and that despite the fact that Plaintiff had since relocated to Boston, Massachusetts from Naples, Florida, Plaintiff notified the Defendant that he was available for deposition in Miami, Florida on February 13, 2013. Defendant further explained in the Notice that Plaintiff has failed to respond to Defendant's Requests for Production and Interrogatories. In light of the rapidly approaching discovery deadline (March 15, 2013) and Plaintiff's impending deposition (February 13, 2013), Defendant advised Plaintiff's counsel that it had no objection to his withdrawal contingent upon an extension of the discovery deadline. It is also indicated in the record that Plaintiff received the Notice of Deposition as it was emailed to him by his then-counsel and Plaintiff was able to print it out at the public library. (Doc. #19-3). Defense counsel also sent the Notice of Deposition to Plaintiff via Federal Express overnight delivery on February 7, 2013. (Doc. #19-2).

Thereafter, the Court granted the withdrawal. (Doc. #18). In that Order, the Court noted that no other attorney had made an appearance on behalf of the Plaintiff at that time. Until such time as another attorney makes an appearance, the Plaintiff was going to be considered *pro se*. The Plaintiff was reminded that despite his *pro se* status, it is mandatory that he participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motions, and proceed in accordance with the Federal and Local Rules. Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even *pro se* parties must follow procedures). The Plaintiff was cautioned that failure to do so could result in sanctions or the denial of any motions or requests for relief from the Court. With regard to Defendant's Notice of Clarification, the Court did not extend the discovery deadline at that time but noted that should the Defendant need additional discovery time, the Defendant could move the Court for additional time as the discovery deadline was set to expire on March 15, 2013. The

Defendant never filed a request for extension of the discovery deadline. The Court also noted that the Defendant had properly noticed the Plaintiff's deposition in accordance with the Federal Rules for February 13, 2013, in Miami (Doc. #17-1), and should the Plaintiff refuse to participate in the deposition, the Defendant could move the Court to compel his deposition.

As noted above, Plaintiff did not show for his February 13, 2013 deposition in Miami, Florida. Instead of moving to compel the deposition, Defendant filed a Motion for Sanctions nearly three weeks later (Doc. #19) that is currently pending before this Court, requesting that this matter be dismissed in its entirety, or, in the alternative, Plaintiff be ordered to appear at his deposition, among other things. Plaintiff has failed to file a response to the Motion for Sanctions.

Seeing no response from Plaintiff, the Court issued an Order to Show Cause on March 25, 2013 (Doc. #20) ordering Plaintiff to show cause on or before April 5, 2013, why he failed to appear at his deposition scheduled for February 13, 2013, in Miami, Florida, or face the possible imposition of sanctions without further notice. Plaintiff failed to file a response by this date.

The discovery and the prescheduled mediation deadlines have both come and gone without the participation of the Plaintiff. Further, it appears that Plaintiff is not responding to Defendant's discovery. From the pattern of Plaintiff's behavior since his counsel has withdrawn, it does not appear that Plaintiff wishes to pursue this lawsuit. Plaintiff is required to participate in this action if he wishes to do so. If not, the matter will be dismissed for failure to prosecute. Thus, the Court will require Plaintiff to inform the Court on or before April 24, 2013, whether he intends to pursue this lawsuit, inform the Court of his correct mailing address, and include a response to the Court's March 25, 2013 Order to Show Cause wherein the Court directed Plaintiff to show cause why he failed to appear for his deposition scheduled for February 13,

2013, in Miami, Florida. If Plaintiff fails to respond, this matter will be dismissed for failure to prosecute. The Court is reluctant to find any good cause if Plaintiff's explanation is that he lives in Massachusetts. According to the record in this case, Plaintiff agreed to sit for his deposition in Miami, Florida on February 13, 2013, even though he lives in Massachusetts. (Doc. #17).[1]

Accordingly, it is now

**ORDERED:**

(1) Plaintiff shall inform the Court in writing on or before **April 24, 2013**, whether he intends to pursue this lawsuit and if so, to include a response to the Court's March 25, 2013 Order to Show Cause wherein the Court directed Plaintiff to show cause why he failed to appear for his deposition scheduled for February 13, 2013, in Miami, Florida.

**(2) Failure to respond will result in this action being dismissed for failure to prosecute.**

**(3)** The Clerk is directed to provide a copy of this Order to Plaintiff at 5510 Jonquil Court, Naples, Florida 64116 and 12 Pierce Street, #2, Malden, Massachusetts, 02148-2932. The Clerk is further directed to email a copy of this Order to Plaintiff at roseveltvalbrun@yahoo.com.

(4) The Court **DEFERS RULING** on Defendant's Motion for Sanctions (Doc. #19) until the Court determines whether Plaintiff will be pursuing this lawsuit.

---

[1] Another issue should be noted: even though the Court directed that all future correspondence and filings be mailed to Plaintiff at 5510 Jonquil Court, Naples, Florida, 34116 (Doc. #18), that Order was returned to the Court as undeliverable, forward time expired, on February 4, 2013. Thereafter, Doc. #18 was resent to Plaintiff at 12 Pierce Street, #2, Malden, Massachusetts, 02148-2932. Since that time, all Orders entered by the Court have been mailed to Plaintiff at the Malden, Massachusetts address and have not been returned as undeliverable. The Court also notes that Defense counsel has been doing the same. (See Doc. #19, Certificate of Service). Thus, Plaintiff is receiving the Court's Orders and Defendant's filings at his last known address. Thus, Plaintiff is on notice regarding the proceedings. If this is a not correct address for Plaintiff, it is at Plaintiff's peril, as the Local Rules require the Plaintiff to inform the Court whenever he has a change of address.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of April, 2013.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record